# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| V. | § | 5:02-CR-17(1) |
| | § | |
| ADRIAN WITCHER | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On December 1, 2009, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by John Stroud.

Adrian Witcher ("Defendant" or "Mr. Witcher") was sentenced on November 10, 2003, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of possession with intent to distribute cocaine base, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 26 and a criminal history category of III, was 78 to 97 months. Mr. Witcher was subsequently sentenced to 78 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include drug treatment, financial disclosure, substance abuse testing, and a $100 special assessment. On May 18, 2007, Mr. Witcher completed his period of imprisonment and began service of the initial supervision term.

On August 17, 2007, the original term of supervised release was revoked, and Mr. Witcher was sentenced to four months imprisonment followed by a four-year term of supervised release subject to the standard conditions of supervision, plus special conditions to include 120 days home

detention, financial disclosure, substance abuse testing, and drug treatment. On December 11, 2007, Mr. Witcher completed his term of imprisonment and began service of the current supervision term.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant shall not commit another federal, state, or local crime**. Specifically, the Government alleges as follows. On or about August 5, 2009, Mr. Witcher was arrested by the local Narcotics Task Force and charged with possession of a controlled substance > 200g, possession of a controlled substance > 400g, felon in possession of a firearm and possession of prescription medication. A search warrant was executed on a house Mr. Witcher was staying in and cocaine, ice, prescription medications, a .380 and 9 mm caliber handgun were found in the residence. The residence is located in a school zone. Mr. Witcher is currently being held on a $420,000 bond. These charges are currently pending prosecution.

2) **Defendant shall not illegally possess a controlled substance.** Specifically, the Government alleges as follows. On or about August 5, 2009, Mr. Witcher illegally possessed cocaine, methamphetamine, Xanax, and marijuana as evidenced by his arrest on this date for possession of the aforementioned substances.

3) **Defendant shall refrain from any unlawful use of a controlled substance, and Defendant shall not illegally possess a controlled substance**. Specifically, the Government alleges as follows. On March 20, 2008, Mr. Witcher submitted a urine specimen that tested presumptively positive for the use of cocaine. Mr. Witcher denied any use of cocaine. On March 31, 2008, results were received from Kroll Laboratories confirming that Mr. Witcher had used cocaine prior to submitting the urine specimen for testing.

4) **Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** Specifically, the Government alleges as follows. On March 20, 2008, Mr. Witcher was asked three different times if he had used cocaine prior to submitting the drug test and each time he stated that he had not used the substance. On April 3, 2008, he was shown the results of the confirmation test and it was at this time that he finally admitted to using the identified substance.

5) **Defendant shall notify the probation officer ten days prior to any change of residence or employment**. Specifically, the Government alleges as follows. According to law enforcement officers, Mr. Witcher has been residing at or about the 500 block of Johnson Ave., in Wake Village, Texas, since about May 2009. Mr. Witcher never reported this address to the U.S. Probation Office as his place of residence or a secondary place of residence.

6) **Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.** Specifically, the Government alleges as follows. As evidenced by his arrest on or about August 5, 2009, at or about the 500 block of Johnson Avenue in Wake Village, Texas, Mr. Witcher was located at a place where controlled substances were illegally being sold, used, distributed or administered.

7) **Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.** Specifically, the Government alleges as follows. As evidenced by his arrest on or about August 5, 2009, Mr. Witcher was associating with Michele Renee Levingston who was involved in criminal activity.

The Court scheduled a revocation hearing December 1, 2009. At the hearing on the

Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the third and fourth allegations. The Government dismissed the remaining allegations. Based upon Defendant's plea of true to the third and fourth allegations, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the third and fourth allegations be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with no term of supervised release to follow said term of imprisonment.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 3rd day of December, 2009.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE